**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

DANIEL COLE JAMES,              )
                                )
    Petitioner,                )
                                )
vs.                             )   Case No. 11-CV-010-TCK-FHM
                                )
JANE STANDIFIRD, Warden,        )
                                )
    Respondent.                )

**OPINION AND ORDER**

    This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner appearing pro se. On March 21, 2011, Respondent filed a response to the petition (Dkt. # 8). Respondent has also provided the original record and trial transcripts (Dkt. ## 10, 11) for the Court's use in evaluating Petitioner's claims. Petitioner filed a reply (Dkt. # 14). On July 3, 2013, Petitioner filed a Motion to Amend (Dkt. # 20). For the reasons discussed below, the Court finds Petitioner's motion to amend shall be granted in part and denied in part.

**A.    Background**

    Petitioner was convicted in Tulsa County District Court, Case No. CF-2004-3354, of Rape by Instrumentation (Count I), and Lewd Molestation (Count II). On his second direct appeal to the Oklahoma Court of Criminal Appeals (OCCA),[1] Petitioner was represented by attorney Lisbeth L. McCarty. Petitioner raised two (2) propositions of error, as follows:

---

[1] On Petitioner's first direct appeal, the OCCA, in a published opinion, reversed and remanded for a new trial after it determined that Petitioner "was unfairly prejudiced by other crimes evidence which should not have been admitted." (Dkt. # 1 at 35, James v. State, 152 P.3d 255, 257 (Okla. Crim. App. 2007)).

> Proposition 1: The use of other crime evidence against appellant constituted an ex post facto violation.
>
> Proposition 2: Evidence of a thirteen-year old unproved allegation of [a] crime was more prejudicial than probative and denied him his constitutional right to a fundamentally fair trial.

(Dkt. # 8-1). In a published Opinion, the OCCA affirmed the judgment and sentence of the district court. James v. State, 204 P.3d 793 (Okla. Crim. App. 2009). Petitioner filed a writ of certiorari to the United State Supreme Court on July 31, 2009, Case No. 09-5763. His petition was "considered closed" on December 9, 2009.[2] (Dkt. # 1; see also Dkt. # 22-1, James v. Oklahoma, No. 09-5763 (U.S. 2009)).

On July 1, 2010, Petitioner filed an application for post-conviction relief in Tulsa County District Court. (Dkt. # 8-4 at 1). By Order filed August 31, 2010, the district court denied post-conviction relief. Id. at 29-47. On September 24, 2010, Petitioner filed a post-conviction appeal to the OCCA, Case No. PC-2010-915, raising eleven (11) propositions, as follows:

> Proposition 1: The district judge . . . erred when he presided over the post-conviction application proceedings, because several of the claims presented were a direct result of his actions and/or deficiencies during trial.
>
> Proposition 2: [The trial judge] erred when he presided over the post conviction application proceedings, because he failed to follow the rules of post-conviction procedures.
>
> Proposition 3: Both trial and appellate counsel were deficient and ineffective when they failed to raise a claim for a mistrial when [the trial judge] had improper communication with the jury outside the courtroom.

---

[2] In his case before the United States Supreme Court, Petitioner filed a motion to proceed in forma pauperis. The Court denied the motion on October 13, 2009, and directed Petitioner to "pay the docketing fee required . . . and to submit a petition in compliance with Rule 33.1 of the Rules of this Court." (Dkt. # 22-1). The next, and final, docket entry is that for December 9, 2009, closing the case.

2

| | |
|---|---|
| Proposition 4: | Both trial and appellate counsel were deficient and ineffective when they failed to raise a claim that the State had failed to establish the 1992 allegations clearly and convincingly as required by Oklahoma law. |
| Proposition 5: | Appellate counsel was deficient and ineffective when he failed to raise a claim of judicial abuse of discretion against [the trial judge] when he allowed the State to present to the jury a false, third-party, inadmissible hearsay statement through cross-examination of a defense witness, violating Petitioner's guaranteed right to cross-examination under the Confrontation Clause of the Sixth Amendment to the U.S. Constitution. |
| Proposition 6: | Trial counsel was deficient and ineffective when he failed to object to the telephone message, evidence he knew, or should have known, was false. |
| Proposition 7: | Both trial and appellate counsel were deficient and ineffective when they failed to raise a claim of judicial error against [the trial judge] and failed to request corrective relief for incorrect jury instructions given by the judge. |
| Proposition 8: | Both trial and appellate counsel were deficient and ineffective when they failed to raise a claim that the State could not prove every element of the charged offenses following the testimony of Jamie Vogt, the forensic interviewer. |
| Proposition 9: | Both trial and appellate counsel were ineffective when they failed to raise a claim that B.M.'s allegation of lewd molestation was unworthy of belief. |
| Proposition 10: | Both trial and appellate counsel were deficient and ineffective when they failed to raise a claim that there was insufficient evidence to convict Petitioner on the charged offense of rape by instrumentation. |
| Proposition 11: | Both trial and appellate counsel were deficient and ineffective when they failed to raise a claim of judicial abuse of discretion against the [trial judge], when he admitted the 1992 allegations into Petitioner's second trial subjecting Petitioner to double/former jeopardy. |

(Dkt. # 8-4). By Order filed December 16, 2010, the OCCA affirmed the denial for post-conviction relief. (Dkt. # 8-5).

Petitioner, appearing pro se, filed the instant habeas corpus action on January 3, 2011 (Dkt. # 1). He identifies five (5) grounds of error, as follows:

Ground I: The trial court erred when it failed to dismiss the charged offenses against Petitioner when the State could not prove every element of the charged offenses against Petitioner following the testimony of Jamie Vogt, the forensic interviewer and B.M., the complaining witness. This error by the trial court violated Petitioner's due process rights to a fundamentally fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

Ground II: Petitioner received ineffective assistance of trial and appellate counsel. Both counsels were deficient when they failed to raise a claim that both of B.M.'s allegations on her videotaped police report were unworthy of belief because B.M. had been shown to be untruthful in her interview. This error by trial and appellate counsel violated Petitioner's due process rights to a fundamentally fair trial as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution.

Ground III: The trial court erred when it allowed the . . . State to admit a false, third-party hearsay statement through cross-examination of a defense witness when the State did not present the alleged declarant of the statement at trial or any other legal proceeding that allowed Petitioner to confront or cross-examine her. This error by the trial court violated Petitioner's due process rights to a fundamentally fair trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution.

Ground IV: The trial court erred when it admitted other crimes evidence into Petitioner's second trial after a higher court had previously determined the evidence to be inadmissible and had used that evidence to reverse Petitioner's first conviction. (These allegations are referred to in court record as the "1992 allegations.") This error by the trial court violated Petitioner's due process rights to a fundamentally fair trial as guaranteed by the Fifth, Sixth and Fourteenth amendments to the U.S. Constitution.

Ground V: The trial court denied Petitioner his right to a public trial when it had improper communication with the jury outside the courtroom. This error by the trial court violated Petitioner's due process rights to a fundamentally fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

(Dkt. # 1). Respondent asserts that Grounds I and II and the substantive claims raised in Ground III and V are procedurally barred and that Ground IV is a state law claim. (Dkt. # 8).

**B.      Motion to Amend**

On July 3, 2013, Petitioner filed a motion to amend his habeas petition (Dkt. # 20). He also submitted his proposed amended petition and a brief in support (Dkt. # 21). Respondent filed a response (Dkt. # 22) to the motion to amend and Petitioner a reply (Dkt. # 23). In the proposed amended petition, Petitioner lists four (4) grounds of error, as follows:

> Ground I:   The trial court erred when it admitted other crimes evidence (the 1992 allegations) that a higher court had previously ruled were inadmissible because they were not established clearly and convincingly as required by law. The improper use of this evidence had been the sole reason for reversing Petitioner's first conviction. The trial court's error violated Petitioner's due process rights to a fundamentally fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.
>
> Ground II:  The trial court erred when it allowed the state to admit a third-party hearsay statement through cross-examination of a defense witness. The hearsay statement was an allegation of sexual abuse that had been proven false before Petitioner's first trial. The trial court's error violated Petitioner's right to confront and cross-examine witnesses against him, as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution.
>
> Ground III: The State failed to establish the charged offenses beyond a reasonable doubt as required by the Fifth and Fourteenth Amendments to the U.S. Constitution.
>
> Ground IV:  The decision made by the OCCA in Petitioner's second direct appeal was contrary and contradictory to its decision in Petitioner's first direct appeal.

(Dkt. # 21). In his motion to amend, Petitioner states that Ground III was "omitted from his petition" as a result of "inadvertence and oversight," (Dkt. # 20 at 1), and admits that Ground IV is a new claim, id. at 2. By way of explanation, he states that Ground IV "is a claim against the Oklahoma Court of Criminal Appeals [that], therefore, could not be raised in post-conviction." Id.

5

In response to the motion to amend, Respondent concedes that Grounds I and II, "provide additional argument . . . regarding claims already addressed in [the] petition," but asserts that Grounds III and IV are new claims. (Dkt. # 22 at 1). Respondent argues that the motion should be denied because (1) Petitioner seeks to add two new claims in Grounds III and IV that "do not relate back to any claim contained in the original habeas petition," and (2) "Petitioner's motion is the product of undue delay and dilatory motive; amendment at this late date in the matter would prejudice Respondent." (Id. at 1, 6). After a review of the record, the Court grants in part and denies in part Petitioner's motion to amend.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. The enactment of AEDPA in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of Rose v. Lundy, 455 U.S. 509, 510 (1982), but at the same time imposing a 1-year statute of limitations on the filing of federal petitions. Rhines v. Weber, 544 U.S. 269, 274 (2005). While he timely filed his habeas petition, Petitioner filed his motion to amend on July 3, 2013, or 2 ½ years after he filed his original petition and more than 2 years past the 1-year statute of limitations deadline.[3] Therefore, unless

---

[3] After the OCCA affirmed his judgment and sentence, Petitioner filed a petition for writ of certiorari at the United States Supreme Court. The Supreme Court closed Petitioner's case on December 9, 2009. Therefore, Petitioner's 1-year limitations period began to run on December 10, 2009, and, in the absence of statutory or equitable tolling, his deadline for filing a timely petition for writ of habeas corpus was December 10, 2010. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Under 28 U.S.C. § 2244(d)(2), the limitations period was tolled during the pendency of Petitioner's post-conviction proceedings. When Petitioner filed his application for post-conviction relief in Tulsa County District Court, Case No. CF-2004-3354, on July 1, 2010, he had 162 days remaining in his 1-year period. When the OCCA affirmed the denial of post-conviction relief on December 16, 2010, Petitioner had 162 days to file timely habeas claims,

Petitioner is entitled to equitable tolling of the limitations period or the grounds raised in the proposed amended petition relate back to the original petition, the motion to amend is untimely.

Petitioner has not demonstrated he is entitled to equitable tolling. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Significantly, equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).

Petitioner diligently pursued his case in state courts and timely filed his federal habeas petition. Petitioner has also made inquiries into the status of his habeas petition during its pendency. See Dkt. ## 17, 18. However, Petitioner fails to show "some extraordinary circumstance stood in his way" preventing him from filing a timely motion to amend. Petitioner alleges that he "was unable to work effectively on his petition" because of he was diagnosed with depression and bi-polar disorder at the time he prepared his habeas petition and that "the side effects of the medications" interfered with the preparation of his habeas petition. (Dkt. # 20 at 1). In his habeas petition, Petitioner states that he was prescribed multiple medications, including lithium, and that he was

---

or until May 27, 2011. Thus, Petitioner's original petition, filed January 3, 2011, is timely. However, any new claim raised in the motion to amend, filed July 3, 2013, appears to be untimely.

unable to "effectively work on his petition . . . from November 2009 to March 2010 (four months) because of the side effects of the medication." Dkt. # 1 at 9. However, as discussed above, supra note 4, Petitioner's certiorari appeal was pending before the United States Supreme Court until December 9, 2009, and thus the 1-year limitation period did not begin to run until December 10, 2009. The Court also notes that Petitioner was able to pursue post-conviction relief in the state courts during this time period. Further, in his motion for an extension of time to file a reply, filed in this habeas action on April 6, 2011 (Dkt. # 12), Petitioner cited "limited hours of access to the prison law library," and not medical issues, as the reason he needed additional time. Petitioner also states in his motion to amend that he did not "possess vital information (such as his second trial transcripts) to effectively challenge the sufficiency of his conviction." (Dkt. # 20 at 1). Petitioner offers no evidence suggesting he attempted to obtain any missing "vital information," such as his second trial transcripts, during the relevant time period.

Significantly, Petitioner does not allege, and has failed to demonstrate, that he was so incapacitated from March 2010, until his deadline of May 27, 2011, that he was unable to file a complete petition or a timely amended petition. Thus, without more, Petitioner has failed to show "rare and exceptional circumstances" that justify equitable tolling. See Williams v. Zavaras, 472 F. App'x 873, 877 (10th Cir. 2012) (unpublished)[4] (finding petitioner not entitled to equitable tolling despite claim that both legs were amputated while in prison, even though one was allegedly wrongly amputated); Garza v. Kansas, 449 F. App'x 734, 736 (10th Cir. 2011) (unpublished) (finding petitioner not entitled to equitable tolling despite claim that his alleged medical condition prevented

---

[4]This and any other unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

8

him from pursuing his claims; it did not excuse the "multiple-year delay in seeking federal relief"); McCall v. Wyoming Attorney General, 339 F. App'x 848, 850 (10th Cir. 2009) (unpublished) (denying equitable tolling because "mere allegations that [petitioner] was under the influence of medication is [not] sufficient to demonstrate the 'extraordinary circumstances beyond his control' necessary for equitable tolling").

Because Petitioner's motion to amend is untimely under the AEDPA, the motion must be denied unless the claims raised in the proposed amended petition relate back to the date of the original petition, see Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading). See United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000); see also Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing Espinoza-Saenz, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*"); see also United States v. Duffus, 174 F.3d 333 (3d Cir. 1999). While an amendment can relate back to the original filing date if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading," Fed. R. Civ. P. 15(c)(1)(B), with respect to amendment of habeas petitions, the Supreme Court has determined that "[a]n amended habeas petition . . . does not relate back (and, thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). That the grounds for relief are related to the petitioner's

trial and conviction is, by itself, insufficient. Id. Rather, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 659.

Upon review of the original and the proposed amended petitions, the Court finds that Petitioner's proposed amended petition relates back, in part, to the original petition. Part of Ground I, and Grounds II and III serve to supplement claims raised in the original petition. With the exception of ex post facto and cumulative error claims raised in Ground I of the proposed amended petition, Ground I provides additional argument for Ground IV, as raised in the original petition. Ground II of the proposed amended petition provides additional argument for Ground III, as raised in the original petition. Ground III in the proposed amended petition provides additional information that relates back to Ground I in the original petition.[5] Because part of Ground I and Grounds II and III of the proposed amended petition supplement grounds of error raised in the original petition, Petitioner's motion to amend shall be granted as to those grounds.

As to the ex post facto and cumulative error claims raised in Ground I and all of Ground IV of the amended petition, the Court finds that these are new claims and serve to insert new theories

---

[5] Though Petitioner mixes in an argument of ineffective assistance of counsel in his discussion of Ground I in the original petition, the title of Ground I in the original petition and the title of Ground III of the amended petition both identify challenges to the sufficiency of the evidence presented at trial. Therefore, Ground III of the amended petition does not insert a new theory into the case. Additionally, the information presented in Ground III of the proposed amended petition and brief in support, supplements and expands the facts presented in Ground I of the original petition. In his proposed amended petition, Petitioner provides detailed comparisons of the testimony from Jamie Vogt, the forensic interviewer, and the testimony from B.M., the minor-child victim, contained in the state court transcripts as support for his claim that there was insufficient evidence to support every element of the charged offenses, while again raising the issue of ineffective assistance of appellate counsel. See Dkt. # 21-1 at 15-30. This information does not "differ in time and type from those the original pleading set forth." Felix, 545 U.S. at 650. The Court finds that Ground III in the proposed amended petition relates back to and supplements Ground I of the original petition.

into the case. Petitioner failed to raise his ex post facto and cumulative error claims in his original petition. For that reason, these claims do not relate back to the original petition. Similarly, Ground IV of the amended petition does not relate back because it was not raised in the original petition, operates under a new set of operative facts, and is an unexhausted state claim. Therefore, the ex post facto and cumulative error claims raised in Ground I and all of Ground IV in the proposed amended petition do not relate back and are time-barred. Petitioner's motion to amend shall be denied as to those grounds of error.

In summary, Petitioner's motion to amend is granted in part and denied in part. Because the ex post facto and cumulative error claims raised in Ground I and all of Ground IV of the amended petition do not relate back to the original petition, those claims are time-barred and the motion to amend to add those grounds of error is denied. The remainder of Ground I, Ground II, and Ground III in the proposed amended petition relate back to the original petition since they serve to supplement claims raised in Grounds IV, III, and I, respectively, of the original petition. The motion to amend is granted as to those grounds of error. The Clerk of Court shall file the proposed amended complaint, together with the brief in support, of record as of July 3, 2013, as a "supplement" to the original petition. The Court will consider any additional facts and argument presented in the supplement in resolving the claims raised in the original petition.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's motion to amend (Dkt. # 20) is **granted in part** and **denied in part** as follows:
   a. Petitioner's request to add ex post facto and cumulative error claims as raised in Ground I and all of Ground IV of the proposed amended petition is **denied**.

    b.    Petitioner's request to supplement the original petition with claims raised in the remainder of Ground I, Ground II, and Ground III of the proposed amended petition is **granted**.

2. The Clerk of Court shall file the proposed amended complaint, together with the brief in support, of record as of July 3, 2013, as a "supplement" to the original petition.

3. The Court will consider any additional facts and argument presented in the supplement in resolving the claims raised in the original petition.

4. No further briefing by either party is required.

**DATED** this 19th day of November, 2013.

*[signature: Terence Kern]*

**TERENCE KERN**
**United States District Judge**